UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

\* \* \* \* \* \* \* \*

WILLIAM HALL            *

                            *    CIVIL ACTION NO:

VERSUS

            *

ASAP INDUSTRIES, L.L.C.   *

\* \* \* \* \* \* \* \*

___

**COMPLAINT**
___

NOW INTO COURT, through undersigned counsel, comes PLAINTIFF WILLIAM HALL who respectfully represents:

**I. OVERVIEW**

1.

Plaintiff, William Hall ("Hall"), person of the full age of majority, is domiciled in Terrebonne Parish.

2.

Made Defendant is ASAP Industries, L.L.C. ("ASAP"), a Delaware limited liability company, with its principal place of business in New York, and operating in Terrebonne Parish, State of Louisiana.

3.

This is an action to recover overtime wages, liquidated damages, attorney fees and costs brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.*

4.

Plaintiff was employed by Defendant at its facility located at 908 Blimp Road, Houma, Louisiana.

5.

Plaintiff was engaged as a design engineer paid an hourly wage of $28.00 per hour, plus a 5% performance bonus every quarter, resulting in a regular hourly wage rate of $29.40.

6.

Defendant failed to pay Plaintiff in accordance with the requirements of the FLSA. Specifically, Plaintiff was not compensated for hours worked after his normal workday concluded. Plaintiff also was not paid time and a half of his regular rate of pay for all hours worked in excess of forty (40) hours per workweek. Defendant with knowledge of Plaintiff's work activities encouraged, suffered and permitted Plaintiff to engage in work beneficial to Defendant, for which Defendant failed and refused to compensate Plaintiff as required by the FLSA.

## II. JURISDICTION

7.

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 as this matter arises under 29 U.S.C. § 201, *et. seq*. This Court has personal jurisdiction over the Defendant because the claim arose in substantial part because of Defendant ASAP's conduct within this district.

## III. VENUE

8.

Venue is proper in the Eastern District of Louisiana because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. Further, the Plaintiff is a resident of the Eastern District of Louisiana. Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Eastern District of Louisiana.

## IV. COVERAGE

9.

At all times relevant to Plaintiff's claims, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C.§203 (d)

10.

At all times relevant to Plaintiff's claims, Defendant has been an enterprise engaged in commerce or in production of goods for commerce, within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, and that such enterprise has had an annual business volume of sales made or business done of not less than $500,000.00. Plaintiff Hall was directly engaged in commerce or in the production of goods for commerce sufficiently to be a covered employee under the FLSA, and specifically within the provisions of 29 U.S.C. § 206-207.

11.

ASAP is a full service, API certified, precision machining and fabrication business that specializes in the manufacture, repair, and refurbishment of components used in the drilling and production of oil and natural gas.

12.

Plaintiff Hall was a manufacturing engineer for Defendant, a position which required no formal training or degree. His job duties included process improvement, design and fabrication of special tooling and fixtures, special machine builder, rebuilding worn equipment, assisting machine repair, assisting building maintenance for special projects and utility installation.

13.

Plaintiff was often assigned duties to be performed outside his normal hours of work, including tasks described in Paragraph 12.

14.

Defendant was aware of Plaintiff's performance of duties and knowingly and willfully refused to compensate Plaintiff as required by the FLSA.

15.

Defendant violated the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206, 207 and 215(a)(2) by employing a person in an enterprise engaged in commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating Plaintiff for hours worked in excess of 40 at a rate not less than one and one half times the regular rate for which he was employed.

16.

Defendant did not pay Plaintiff Hall on a salaried basis, rather he was paid on an hourly basis, and received overtime pay for certain hours in excess of forty in a workweek that were performed while he was on employers premises. Plaintiff Hall, however, was not compensated for hundreds of hours of work performed for Defendant.

17.

Defendant knowingly, willfully, or in reckless disregard carried out its illegal pattern of failing to pay Plaintiff. The decision not to pay Plaintiff Hall was neither reasonable, nor in good faith. Accordingly Plaintiff is entitled to overtime wages pursuant to the FLSA in an amount equal to one and one half times their rate of pay, plus liquidated damages, attorney fees and costs.

### V. RELIEF SOUGHT

18.

Plaintiff respectfully prays for judgment against Defendant ASAP as follows;

A. For an Order awarding Plaintiff back wages that have been improperly withheld;

B. For an Order pursuant to §16(b) of the FLSA finding Defendant liable for unpaid back wages due Plaintiff and for liquidated damages equal in amount to the unpaid compensation found to be due to Plaintiff;

C. For an Order awarding Plaintiff his costs of bringing this action;

D. For an Order awarding Plaintiff his attorney fees incurred in bringing this action;

E.	For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

F.	For an Order awarding Plaintiff such other and further relief as may be necessary and appropriate.

WHEREFORE, Plaintiff, William Hall, prays that Defendant, ASAP Industries, L.L.C. be duly cited to appear and answer this Complaint and Jury demand and, after due proceedings and legal delays, there be judgment herein in favor of Plaintiff, and against Defendant, as detailed in the foregoing Complaint and Jury Demand and in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, reasonable attorneys fees, liquidated damages and any and all general and equitable relief deemed appropriate by this Honorable Court.

Respectfully submitted, this 26th day of June 2012.

　/s/ Adrian A. D'Arcy
Norman A. Mott, III (La. Bar No. 9777)
Adrian A. D'Arcy (La. Bar No. 29137)
Shields Mott Lund L.L.P.
650 Poydras Street, Suite 2400
New Orleans, Louisiana  70130
Telephone:  (504) 581-4424

**ATTORNEYS FOR PLAINTIFF**